TROY LAW, PLLC
Aaron Schweitzer
Tiffany Troy
41-25 Kissena Boulevard Suite 110
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiff proposed FLSA Collective and potential Rule 23 Class*

Case No. 25-cv-12207

**UNITED STATES DISTRICT COURT**
**DISTRICT COURT OF NEW JERSEY**
-----------------------------------------------------------X
AN CHEN,
*on his own behalf and on behalf of others similarly situated*

                         Plaintiff,

                         v.

SUSNJ, INC
    d/b/a Sushi Express;
MIANNJ, INC
    d/b/a Mr. Mian Noodle House;
KKNJ, INC
    d/b/a King Kong Express
CHUANQIN ZHENG
    a/k/a Chuan Qin Zheng
    a/k/a Henry Zheng,
WEN GAO
    a/k/a Alex Gao, and

                     Defendants.
-----------------------------------------------------------X

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION &**
**FED. R. CIV. P. 23 CLASS**
**ACTION**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

    Plaintiff An Chen (hereinafter referred to as Plaintiff), on behalf of himself and others similarly situated, by and through his attorney, Troy Law, PLLC, hereby brings this complaint against Defendants SUSNJ, INC d/b/a Sushi Express; MIANNJ, INC d/b/a Mr. Mian Noodle House; KKNJ, INC d/b/a King Kong Express; CHUANQIN ZHENG a/k/a Chuan Qin Zheng a/k/a Henry Zheng, WEN GAO a/k/a Alex Gao, and allege as follows:

## INTRODUCTION

1.     This action is brought by the Plaintiff An Chen, on behalf of himself as well as other employees similarly situated, against the Defendants for alleged violations of the Fair

Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et seq.* and New Jersey Wage and Hour Law, NJSA § 34:11-56 *et seq* ("NJWHL"), arising from Defendants' various willfully and unlawful employment policies, patterns and practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHL by engaging in pattern and practice of failing to pay its employees, including Plaintiff, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiff alleges pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages (3) liquidated damages, (4) prejudgment and post-judgement interest; and or (5) attorney's fees and cost.

4. Plaintiff further alleges pursuant NJWHL that they are entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) pre-judgment and post-judgment interest, and (4) attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the New Jersey State Law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7. From on or about November 01, 2022 to January 06, 2024, Plaintiff AN CHEN was employed by Defendants to work as a Sushi Chef for Defendants at 1 American Dreams

Way, FC313, East Rutherford, NJ 07073.

## DEFENDANTS

*Corporate Defendants*

8. Defendant SUSNJ, INC d/b/a Sushi Express is a domestic business corporation organized under the laws of the State of New Jersey with a principal address at 1 American Dreams Way, FC313, East Rutherford, NJ 07073.

9. SUSNJ, INC d/b/a Sushi Express is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

10. SUSNJ, INC d/b/a Sushi Express purchased and handled goods moved in interstate commerce.

11. Defendant MIANNJ, INC d/b/a Mr. Mian Noodle House is a domestic business corporation organized under the laws of the State of New Jersey with a principal address at 1 American Dreams Way, Court C Level 3, East Rutherford, NJ 07073.

12. MIANNJ, INC d/b/a Mr. Mian Noodle House is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

13. MIANNJ, INC d/b/a Mr. Mian Noodle House purchased and handled goods moved in interstate commerce.

14. Defendant KKNJ, INC d/b/a King Kong Express is a domestic business corporation organized under the laws of the State of New Jersey with a principal address at 1 American Dreams Way, FC301, East Rutherford, NJ 07073.

15. KKNJ, INC d/b/a King Kong Express is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

16. KKNJ, INC d/b/a King Kong Express purchased and handled goods moved in

interstate commerce.

*Owner/Operator Defendants*

17. CHUANQIN ZHENG a/k/a Chuan Qin Zheng a/k/a Henry Zheng known as Boss to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at SUSNJ, INC d/b/a SUSHI Express; MIANNJ, INC d/b/a Mr. Mian Noodle House; KKNJ, INC d/b/a King Kong Express.

18. CHUANQIN ZHENG a/k/a Chuan Qin Zheng a/k/a Henry Zheng actually exercised his power to hire the sushi chef KO, the cashier A JIE, the miscellaneous worker A SHU at SUSNJ INC d/b/a Sushi Express at 1 American Dreams Way, FC313, East Rutherford, NJ 07073.

19. CHUANQIN ZHENG a/k/a Chuan Qin Zheng a/k/a Henry Zheng hired Defendant WEN GAO a/k/a Alex Gao who he delegated the hiring and firing authority for the three restaurants that he own, namely SUSNJ, INC d/b/a SUSHI Express; MIANNJ, INC d/b/a Mr. Mian Noodle House; KKNJ, INC d/b/a King Kong Express.

20. CHUANQIN ZHENG a/k/a Chuan Qin Zheng a/k/a Henry Zheng similarly hired Defendant WEI ZHAO who he delegated the hiring and firing authority for the three restaurants that he own, namely SUSNJ, INC d/b/a SUSHI Express; MIANNJ, INC d/b/a Mr. Mian Noodle House; KKNJ, INC d/b/a King Kong Express.

21. CHUANQIN ZHENG a/k/a Chuan Qin Zheng a/k/a Henry Zheng fired Plaintiff.

22. The reason that Plaintiff was fired because CHUANQIN ZHENG a/k/a Chuan Qin Zheng a/k/a Henry Zheng asked Plaintiff and employees to stay after the regular

scheduled work hours, and Plaintiff asked his coworker if he would get paid overtime pay.

23. When CHUANQIN ZHENG a/k/a Chuan Qin Zheng a/k/a Henry Zheng learned about this, he became upset because no other employees asked about the overtime compensation, and so he made the decision to fire Plaintiff.

24. CHUANQIN ZHENG a/k/a Chuan Qin Zheng a/k/a Henry Zheng actually hired Plaintiff.

25. CHUANQIN ZHENG a/k/a Chuan Qin Zheng a/k/a Henry Zheng determined Plaintiff's work schedule.

26. CHUANQIN ZHENG a/k/a Chuan Qin Zheng a/k/a Henry Zheng determined the other work schedule's work schedule.

27. CHUANQIN ZHENG a/k/a Chuan Qin Zheng a/k/a Henry Zheng determined Plaintiff's pay rate.

28. CHUANQIN ZHENG a/k/a Chuan Qin Zheng a/k/a Henry Zheng acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NJWHL § 34:11-4.1 and the regulations thereunder, and is jointly and severally liable with SUSNJ, INC d/b/a SUSHI Express; MIANNJ, INC d/b/a Mr. Mian Noodle House; KKNJ, INC d/b/a King Kong Express.

29. WEN GAO a/k/a Alex Gao known as Registered Agent to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at SUSNJ, INC d/b/a SUSHI Express; MIANNJ, INC d/b/a Mr. Mian Noodle House; KKNJ, INC d/b/a King Kong Express.

30. WEN GAO a/k/a Alex Gao is the day-to-day supervisor and his title is General Manager.

31. As the General Manager, WEN GAO a/k/a Alex Gao circulated among the three restaurants owned by CHUANQIN ZHENG a/k/a Chuan Quin Zheng a/k/a Henry Zheng, namely SUSNJ, INC d/b/a SUSHI Express; MIANNJ, INC d/b/a Mr. Mian Noodle House; KKNJ, INC d/b/a King Kong Express.

32. WEN GAO a/k/a Alex Gao hired the miscellaneous worker A SHU, hired the sushi chef KO, the cashier A JIE, the miscellaneous worker A SHU at SUSNJ INC d/b/a Sushi Express at 1 American Dreams Way, FC313, East Rutherford, NJ 07073.

33. WEN GAO a/k/a Alex Gao fired another sushi chef on behalf of SUSNJ INC d/b/a Sushi Express at 1 American Dreams Way, FC313, East Rutherford, NJ 07073.

34. WEN GAO a/k/a Alex Gao physically handed the pay to Plaintiff and other employees every other week (every two weeks).

35. WEN GAO a/k/a Alex Gao, on information and belief, maintained the employee records on behalf of SUSNJ INC d/b/a Sushi Express.

36. WEN GAO a/k/a Alex Gao acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NJWHL § 34:11-4.1 and the regulations thereunder, and is jointly and severally liable with SUSNJ, INC d/b/a SUSHI Express; MIANNJ, INC d/b/a Mr. Mian Noodle House; KKNJ, INC d/b/a King Kong Express.

## STATEMENT OF FACTS

### Corporate Defendants Constitute a Joint Enterprise

37. Upon information and belief, Corporate Defendants SUSNJ, INC d/b/a Sushi

Express; MIANNJ, INC d/b/a Mr. Mian Noodle House; KKNJ, INC d/b/a King Kong Express are joint employers of Plaintiffs and constitute an enterprise as the term is defined by 29 USC §203(r) insofar as the share staff, including General Managers WEN GAO a/k/a Alex Gao (and his predecessor WEI ZHAO) who are the General Manager, are otherwise engaged in related activities performed through unified operation and/or common control for a common business purpose, and are co-owned by the same partners.

38. SUSNJ, INC d/b/a Sushi Express; MIANNJ, INC d/b/a Mr. Mian Noodle House; KKNJ, INC d/b/a King Kong Express kept the inventory storage of sodas and mineral water at a common warehouse at 1 American Dreams Way, FC313, East Rutherford, NJ 07073.

39. Around ten (10) to twelve (12) employees across SUSNJ, INC d/b/a Sushi Express; MIANNJ, INC d/b/a Mr. Mian Noodle House; KKNJ, INC d/b/a King Kong Express are driven to work from Flushing, New York to the three restaurant locations.

40. Plaintiff and other employees helped restock the soda of not just SUSNJ, INC d/b/a Sushi Express but also for MIANNJ, INC d/b/a Mr. Mian Noodle House; KKNJ, INC d/b/a King Kong Express as well.

41. At all times relevant herein, SUSNJ, INC d/b/a Sushi Express; MIANNJ, INC d/b/a Mr. Mian Noodle House; KKNJ, INC d/b/a King Kong Express were, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

42. At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by SUSNJ, INC d/b/a Sushi Express; MIANNJ, INC d/b/a Mr. Mian Noodle House; KKNJ, INC d/b/a King Kong Express.

43. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the New York minimum wage for each hour

worked.

44. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff her lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

45. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

46. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

47. Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations.

***Plaintiff AN CHEN***

48. From on or about November 01, 2022 to January 06, 2024, Plaintiff AN CHEN was employed by Defendants to work as a Sushi Chef at 1 American Dreams Way, FC313, East Rutherford, NJ 07073.

49. From on or about November 01, 2022 to January 06, 2024, Plaintiff AN CHEN's regular work schedule ran from Plaintiff An Chen worked a regular schedule as follows:

   a. 09:30 to 21:00 on three (3) of four weekdays from Mondays through Thursdays (with typically either Tuesday or Wednesday off) for eleven and a half (11.5) hours per day for three (3) days and thirty four and a half (34.5) hours per week;

   b. 09:30 to 22:00 for twelve and a half (12.5) hours on Fridays and Saturdays for two (2) days and twenty five (25) hours per week;

  c. 09:30 to 20:00 for ten and a half (10.5) hours on Sundays.

50. Accordingly, at all relevant times, Plaintiff worked seventy (70) hours per week.

51. Plaintiff AN CHEN, along with other Chinese-speaking employees was picked up by the company transportation van at approximately 09:00 on all working days in Flushing, New York.

52. The company transportation van also carried Plaintiff AN CHEN and other Chinese-speaking employees from their work location in New Jersey to Flushing, New York.

53. As a result at all relevant times, Plaintiff AN CHEN worked approximately seventy (70) hours per week..

54. At all relevant times, Plaintiff AN CHEN did not have a fixed time for lunch or for dinner.

55. In fact, Plaintiff AN CHEN had ten (10) to twenty (20) minutes to eat and even then he was on call, meaning that if customer's order came, his break stopped and he had to deliver.

56. From on or about November 01, 2022 to January 06, 2024, Plaintiff AN CHEN was paid a flat compensation at a rate of three hundred seventy-five dollars ($375.00) per week with tip.

57. Plaintiff was paid every two (2) weeks.

58. Plaintiff additionally received a red envelope bonus for approximately three hundred dollars ($300) for the first time and five hundred dollars ($500) for the second time.

59. At all relevant times, Plaintiff AN CHEN was not paid overtime pay for overtime work.

60. At all relevant times, Plaintiff AN CHEN was never informed of his hourly pay rate or any tip deductions toward the minimum wage.

61. Further, at all relevant times, Plaintiff AN CHEN had to prepare the side work, cut the fish, help move the inventory, and prepare the ingredients.

62. At all relevant times, Plaintiff AN CHEN's non-tipped work exceeds two (2) hours or twenty percent (20%) of Plaintiff's workday and usually consist of three (3) to four (4) hours.

## COLLECTIVE ACTION ALLEGATIONS

63. Plaintiffs bring this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

64. Plaintiffs bring their NJWHL claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is two years before the filing of the Complaint in this case as defined herein (the "Class Period").

65. All said persons, including Plaintiffs, are referred to herein as the "Class."

66. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable

from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

67.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

68.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a.     Whether Defendant employed Plaintiffs and the Class within the meaning of the NJWHL;

    b.     Whether Plaintiffs and Class members are promised and not paid at their promised hourly wage under the NJWHL;

    c.     Whether Plaintiffs and Class members are entitled to and paid overtime at their promised hourly wage under the NJWHL;

    d.     At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

*Typicality*

69.     Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each

member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

70. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in representing Plaintiffs in both class action and wage-and-hour employment litigation cases.

*Superiority*

71. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of

individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

72.     Upon information and belief, Defendants and other employers throughout the state violate the New Jersey Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
**[Violations of the Fair Labor Standards Act—Unpaid Wage Brought on behalf of the Plaintiffs and the FLSA Collective]**

73.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

74.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiffs in full, and the similarly situated collective action members, for some or all of the

hours they worked.

75. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid wage, and in an additional equal amount as liquidated damages.

76. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiffs and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II.
**[Violation of New Jersey Wage and Hour Law—Failure to Pay Minimum Wage Brought on behalf of Plaintiff and Rule 23 Class]**

77. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

78. At all relevant times, Plaintiffs are employed by Defendants within the meaning of NJWHL.

79. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff, and the collective action members, in full for some or all of the hours they worked.

80. Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

81. An employer who fails to pay the minimum wage shall be liable, for their full unpaid minimum wage, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§ 34:11-56 *et seq*.

## COUNT III.
### [Violations of the Fair Labor Standards Act—Failure to Pay Overtime Brought on behalf of the Plaintiff and the FLSA Collective]

82. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

83. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

84. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

85. Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated the FLSA.

86. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

87. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

88. Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and

FLSA Collectives' labor.

89. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT IV.
**[Violation of New Jersey Wage and Hour Law—Failure to Pay Overtime Brought on behalf of Plaintiff and Rule 23 Class]**

90. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

91. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages, and interest.

92. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiffs at one and one-half times the hourly rate the Plaintiffs and the class are entitled to.

93. By failing to pay Plaintiffs and the class, the Plaintiffs and Class Members are entitled to recover from Defendants their full unpaid overtime pay, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§ 34:11-56a *et seq*.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully request that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL;

e) An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f) An award of unpaid minimum wage and overtime wages due under FLSA and NJWHL due Plaintiffs and the Collective Action members plus compensatory and liquidated damages;

g) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

h) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NJWHL;

i) An award of lost wages and liquidated damages equal to lost wages as a result of Plaintiffs' unlawful termination, compensatory damages, 2% simple prejudgment interest provided by NJWHL, post-judgment interest, and attorney fees and costs;

j) The cost and disbursements of this action;

k) An award of prejudgment and post-judgment fees;

l) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) and 38(c) of the Federal Rules of Civil Procedures, Plaintiffs demand a trial by jury on all questions of facts.

Dated: Flushing, New York
June 26, 2025

        TROY LAW, PLLC
        *Attorneys for the Plaintiffs, proposed FLSA*
        *Collective and potential Rule 23 Class*

        /s/ Aaron Schweitzer
        Aaron Schweitzer
        41-25 Kissena Boulevard, Suite 110
        Flushing, NY 11355
        Tel: (718) 762-1324
        troylaw@troypllc.com